UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
Daniel William Cook
and Yolanda T. Cook,
    Debtors.                      No. 11 - 04-17704 - SA

**MEMORANDUM OPINION ON JOINT MOTION**
**TO STRIKE DEBTORS' OBJECTIONS TO CLAIMS**

This matter is before the Court on the Joint Motion to Strike Debtors' Objections to Claims (doc 407) filed by Wells Fargo Bank, N.A., Scott Garrett and the Garrett Family Trust, and Spica Properties, Inc. ("Movants"), the Debtors' Response (doc 411) and briefs in support of the various positions (docs 429, 459 and 462). Debtors are represented by Daniel J. Behles. Wells Fargo Bank is represented by Sutin, Thayer & Browne, P.C. (Jay D. Hertz). Scott Garrett and the Garrett Family Trust are represented by Hunt & Davis, P.C. (Catherine F. Davis). Spica Properties, Inc. is represented by Modrall Sperling Roehl Harris & Sisk, P.A. (William R. Keleher).

A brief history of the case will put this dispute in context. Debtors filed a voluntary chapter 11 petition on October 21, 2004. On July 19, 2006, the Court granted Wells Fargo Bank's Motion to Appoint a Chapter 11 Trustee. Linda S. Bloom was appointed and continues to act as Chapter 11 Trustee. On October 25, 2006 Debtors filed a combined claims objection against the claims of Movants (doc 405). Debtors' objection to the Wells Fargo claim is not the amount of the claim, but rather

that it should be treated as unsecured rather than priority. Debtors' objection to the Garrett claims are that the Garretts are creditors of Hydroscope, Inc. (a corporation related to and partly owned by Debtors and now their bankruptcy estate), not of the Debtors individually. Debtors' objection to the Spica claim is that its claim was extinguished with the foreclosure of the Debtors' personal residence. The record at this point does not conclusively establish whether the estate is solvent or insolvent; Debtors claim that there is excess equity, Movants claim that the estate is hopelessly insolvent.

Movants' Motion to Strike is based on the argument that, once a Chapter 11 Trustee was appointed, Debtors lost all standing to object to their claims. Movants cite <u>In re Weeks, Thomas & Lysaught, Chartered</u>, 97 B.R. 46, 47 (D. Kan. 1988) in support of their position.

Debtors' Response cites Code Section 1109(b), which states: "A party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter."

The Court has reviewed the papers submitted and conducted its own research, and finds that the Motion to Strike cannot be

Case 04-17704-nlj7    Doc 487    Filed 01/10/07    Entered 01/10/07 15:20:50    Page 2 of 5

granted at this time. Further evidence will be required on the solvency of the estate.

First, the Court acknowledges that in <u>Weeks</u>, the Court stated as a general rule that a debtor not-in-possession had no standing to object to a proof of claim. 97 B.R. at 47. However, that Court did not address section 1109 or the solvency of the estate, and this Court disagrees with the reasoning, although the correct result may have been obtained. Furthermore, the <u>Weeks</u> court cited <u>Silverman v. Leucadia, Inc. (In re Silverman)</u>, 37 B.R. 200 (S.D. N.Y. 1982) as support for its ruling, but the rule in Silverman is that a debtor lacks standing to object to a proof of claim absent a showing that the disallowance of the claim would produce a surplus in the estate.

On the other hand, Section 1109 is not as broad-reaching as Debtor suggests. Although Section 1109 clearly states that a Debtor is a party in interest, that section is subject to Article III limitations. <u>See</u> <u>Sentinel Trust Co. v. Newcare Health Corp. (In re Newcare Health Corp.)</u>, 244 B.R. 167, 171 (1st Cir. B.A.P. 2000)("[A] party claiming to be a 'party in interest' must still satisfy the general requirements of the standing doctrine.") (Citation omitted.); <u>Nintendo Co., Ltd. v. Patten (In re Alpex Computer Corp.)</u>, 71 F.3d 353, 356 (10th Cir. 1995) (Notwithstanding an expansive view of section 1109(b), cases limit the concept to those with a particular and direct stake in

Page -3-

the subject matter of the action.); <u>Cult Awareness Network, Inc. V. Martino (In re Cult Awareness Network, Inc.)</u>, 151 F.3d 605, 607 (7th Cir. 1998)(To have standing, a person must have a pecuniary interest in the outcome of the proceeding.) <u>See generally</u> <u>Simon v. Eastern Kentucky Welfare Rights Organization</u>, 426 U.S. 26, 39 (1976)("The necessity that the plaintiff who seeks to invoke judicial power stand to profit in some personal interest remains an Art. III requirement.")

 Therefore, the Court finds that, in order to have standing to object to Movants' proofs of claim, the Debtors need to establish that if they were successful there would be a surplus in the estate. The Court currently has a continued preliminary hearing set on this matter for January 18, 2007 at 1:30 p.m. The Court will conduct a pretrial conference at that time on the standing issue. The Joint Motion to Strike will be taken under advisement pending a trial on the potential solvency of the estate.

            _____
            Honorable James S. Starzynski
            United States Bankruptcy Judge

copies to:

Daniel J Behles
226-A Cynthia Loop NW
Albuquerque, NM 87114-1100

Linda S. Bloom
Trustee
PO Box 218
Albuquerque, NM 87103-0218

Catherine F Davis
PO Box 30088
Albuquerque, NM 87190-0088

Jay D Hertz
PO Box 1945
Albuquerque, NM 87103-1945

William R Keleher
PO Box 2168
Albuquerque, NM 87103-2168

Leonard K Martinez-Metzgar
PO Box 608
Albuquerque, NM 87103-0608

Julie J Vargas
PO Box 30088
Albuquerque, NM 87190-0088

Michelle Ostrye
PO Box 1945
Albuquerque, NM 87103-1945