UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
Daniel William Cook
and Yolanda T. Cook,
    Debtors.                      No. 7 - 04-17704 - SA

**MEMORANDUM OPINION ON MOTIONS FOR SANCTIONS
FOR VIOLATION OF THE AUTOMATIC STAY**

    Before the Court in this extensively litigated case are the vestiges of three motions for sanctions for alleged violations of the automatic stay. The first motion was filed by the Debtors (doc 619) and joined in by Hydroscope Group, Inc., Hydroscope Inc. USA, Hydroscope Canada, Inc. and CBM Group, Inc. (the "Corporate Entities")(doc 627). The second and third motions were filed by the Corporate Entities and joined in by the Debtors. (Docs 651, 696 and 722 (Debtors' joinder).) The first motion was denied in part (doc 642) and subject to a motion for reconsideration by the Debtors (doc 645) and joinder by the Corporate Entities (doc 654). The second motion was also denied. (Doc 672). All three motions focus on actions taken by Wells Fargo and/or the "Garrett Group" (consisting of Pamela Jane Garrett and Scott Garrett both individually and as trustees of various trusts) in a pending multi-party state court case that involves, among other things, foreclosure of certain items of intellectual property that belong to the Corporate Entities and/or the estate. The sanctions motions were all filed when this bankruptcy was a Chapter 11 case. On March 20, 2008, the Court converted the case to Chapter 7. A Trustee is

administering the case, but has not yet determined if there will be any assets available for creditors. The Trustee has not joined in any of the three sanctions motions, nor filed his own motion or adversary complaint for automatic stay violations.

The Court has reviewed the motions and joinders, the exhibits thereto, the responses to the motions, the replies, and the briefs submitted by the parties, and has consulted applicable authorities, and finds that all pending motions regarding sanctions should be denied. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). <u>Budget Service Co. v. Better Homes of Virginia, Inc. (In re Better Homes of Virginia, Inc.)</u>, 804 F.2d 289, 292 (4th Cir. 1986).

**THE STATUTE**

Section 362[1], which governs the automatic stay, provides in part as follows:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to

---

[1] This case was filed before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005; references to the Bankruptcy Code are to the 2004 version.

Page -2-

recover a claim against the debtor that arose before
the commencement of the case under this title;

(2) the enforcement, against the debtor or against
property of the estate, of a judgment obtained before
the commencement of the case under this title;

(3) any act to obtain possession of property of the
estate or of property from the estate or to exercise
control over property of the estate;

(4) any act to create, perfect, or enforce any lien
against property of the estate;

(5) any act to create, perfect, or enforce against
property of the debtor any lien to the extent that such
lien secures a claim that arose before the commencement
of the case under this title;

(6) any act to collect, assess, or recover a claim
against the debtor that arose before the commencement
of the case under this title;

(7) the setoff of any debt owing to the debtor that
arose before the commencement of the case under this
title against any claim against the debtor; and

(8) the commencement or continuation of a proceeding
before the United States Tax Court concerning the
debtor.
...

(c) Except as provided in subsections (d), (e) and (f),
of this section--

(1) the stay of an act against property of the estate
under subsection (a) of this section continues until
such property is no longer property of the estate;

(2) the stay of any other act under subsection (a) of
this section continues until the earliest of--

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of this title
concerning an individual or a case under chapter 9, 11,

12, or 13 of this title, the time a discharge is
granted or denied;

...

(d) On request of a party in interest and after notice
and a hearing, the court shall grant relief from the
stay provided under subsection (a) of this section,
such as by terminating, annulling, modifying, or
conditioning such stay--

(1) for cause, including the lack of adequate
protection of an interest in property of such party in
interest;

(2) with respect to a stay of an act against property
under subsection (a) of this section, if--

(A) the debtor does not have an equity in such
property; and

(B) such property is not necessary to an effective
reorganization;

...

(h) An individual injured by any willful violation of a
stay provided by this section shall recover actual
damages, including costs and attorneys' fees, and, in
appropriate circumstances, may recover punitive
damages.

## **DISCUSSION**

The automatic stay protects the debtor (<u>e.g.</u>, § 362(a)(1), (a)(6), (a)(7) and (a)(8)), property of the debtor (<u>e.g.</u>, § 362(a)(5)) and property of the estate (<u>e.g.</u>, § 362(a)(2), (a)(3) and (a)(4)).  Thus, by its terms the automatic stay does not purport to protect anyone except the debtor or anything except estate property or property of the debtor.  The legislative history of the automatic stay confirms that it has two purposes:

Case 04-17704-nlj7    Doc 798    Filed 09/15/08    Entered 09/15/08 11:06:02    Page 4 of 8

1) to protect the estate, and 2) to advance the debtor's fresh start. In re Walker, 356 B.R. 834, 854 (Bankr. S.D. Fla. 2006)(Citation omitted.)

As a general rule, "without an injury-in-fact there can be no standing to bring a claim for damages." Copley v. West Virginia State Tax Dept. (In re Copley), 2008 WL 2795139 at * 4 (Bankr. S.D. W. Va. 2008)(Citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

These two legal principles suggest that in only two situations can a party complain of an automatic stay violation in a chapter 7 context[2]. First, a debtor whose fresh start is impaired by continued collection efforts or a creditor's interference with debtor's property (presumably exempt property or after acquired property) can sue. Second, a trustee can sue if the estate he or she is administering is injured.

This suggestion proves true in virtually all cases on the subject. See Copley, 2008 WL 2795139 at * 4 (A Chapter 7 debtor is not injured when the state tax department files a lien against estate property.); Walker, 356 B.R. at 854 ("As the individual charged with protection of the estate for the benefit of creditors, the Chapter 7 trustee is the party with standing to seek damages for violation of the automatic stay against property

---

[2] Because this is a Chapter 7 case, the Court does not need to address 11 U.S.C. § 1109, which applies only in Chapter 11.

Page -5-

of the estate."; <u>Calvin v. Wells Fargo Bank, N.A. (In re Calvin)</u>, 329 B.R. 589, 601 (Bankr. S.D. Tex. 2005):

> As a rule, a trustee, and only a trustee, has standing to prosecute causes of action on behalf of the bankruptcy estate. In the case at bar, the funds in the account constituted property of the estate during the actions about which the Motion complains. Because these funds belonged to the estate, any cause of action for improper handling of the funds belonged to the Trustee, not the Debtors. The Debtors therefore have no standing to seek any relief from the Bank for its freezing of the account.

(Citations omitted.); <u>In re Laux</u>, 181 B.R. 60, 61 (Bankr. S.D. Ill. 1995)(Chapter 7 debtor cannot complain of bank's administrative freeze of funds neither exempted nor abandoned.) <u>And see</u> <u>Tilley v. Vucurevich (In re Pecan Groves of Arizona)</u>, 951 F.2d 242, 245 (9th Cir. 1991):

> In previous cases, we have reserved the question of whether a creditor can attack violations of the automatic stay. While there is no precedent on point in the Ninth Circuit, the majority of jurisdictions which have considered standing under the automatic stay provision, 11 U.S.C. § 362, have concluded that section 362 is intended solely to benefit the debtor estate. Language from many cases indicates that, if the trustee does not seek to enforce the protections of the automatic stay, no other party may challenge acts purportedly in violation of the automatic stay. ... We therefore hold that a creditor has no independent standing to appeal an adverse decision regarding a violation of the automatic stay.

(Citations omitted.) <u>and</u> <u>In re Deshazo</u>, 2006 WL 5217795 at *1 (Bankr. D. Md. 2006)("[A]n individual creditor does not have standing to assert [an automatic stay] violation regarding property of the estate. This action belongs to the estate and

Case 04-17704-nlj7    Doc 798    Filed 09/15/08    Entered 09/15/08 11:06:02    Page 6 of 8

therefore the Chapter 7 Trustee, whose duty it is under Section 704 to administer property of the estate for the benefit of creditors.")

The only property at stake in the state court foreclosure case belongs to either the Corporate Entities or the estate. The Court therefore concludes that neither the Debtors nor the Corporate Entities have standing to challenge actions taken in that case as a violation of the automatic stay. Separate orders will enter denying the third motion for sanctions and the motion for reconsideration.

*/s/ James S. Starzynski*

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: September 15, 2008

Page -7-

Case 04-17704-nlj7    Doc 798    Filed 09/15/08    Entered 09/15/08 11:06:02 Page 7 of 8

copies to:

Daniel William Cook
920 Galeras Street NW
Albuquerque, NM 87120

Yolanda T. Cook
920 Galeras Street NW
Albuquerque, NM 87120

Daniel J Behles
Cuddy Law Firm
7770 Jefferson NE, Suite 305
Albuquerque, NM 87109
dan@behles.com

Philip J. Montoya
Trustee
PO Box 159
Albuquerque, NM 87103
pmontoya@swcp.com
NM10@ecfcbis.com

U.S. Trustee
United States Trustee
PO Box 608
Albuquerque, NM 87103-0608
leonard.martinez-metzgar@usdoj.gov

Chris W Pierce
Hunt & Davis, P.C.
P.O. Box 30088
Albuquerque, NM 87190-0088
cpierce@hrd-law.com

Catherine F Davis
PO Box 30088
Albuquerque, NM 87190-0088
cdavislw@hrd-law.com

William J. Waggoner
529 W San Francisco
Santa Fe, NM 87501
newmexicolaw@newmexico.com

Jay D Hertz
PO Box 1945
Albuquerque, NM 87103-1945
jdh@sutinfirm.com

Michelle Ostrye
PO Box 1945
Albuquerque, NM 87103-1945
mko@sutinfirm.com