UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
DANIEL WILLIAM COOK
and YOLANDA T. COOK,
    Debtors.                                               No. 7 - 04-17704 - SA

## MEMORANDUM OPINION ON ABANDONMENT

On June 2, 2008, Trustee Philip Montoya ("Trustee") filed a Trustee's Report of No Distribution[1] ("NDR"). See Docket entry immediately after 755. On July 30, 2008, Trustee filed a Withdrawal of Document, withdrawing the NDR. Doc 767. On July 31, 2008, Hydroscope Group, Inc., Hydroscope Inc., USA, Hydroscope Canada Inc. and CBM Group, Inc. (the "Entities") filed an objection to the withdrawal of the NDR and seeking a declaration[2] that the Trustee had in fact abandoned all estate property. Doc 770. The Court conducted a hearing on August 25, 2008 and requested briefing on the issues raised by the

---

[1]This Report states:
Trustee's Report of No Distribution: I report that I have neither received any property nor paid any money on account of this estate except exempt property, and that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate, and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed. R. Bankr. P. 5009, I certify that this estate has been fully administered. I request that this report be approved and that I be discharged from any further duties as trustee. Filed by Trustee Philip J. Montoya.

[2]Bankruptcy Rule 7001 requires an adversary proceeding for a declaratory judgment for proceedings that determine an interest in property. The parties have not raised this issue, but the Court finds that the parties have had all the procedural safeguards of an adversary.

pleadings. The Court has reviewed the pleadings and briefs and applicable authorities and now issues this Memorandum Opinion. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). For the reasons set forth below, the Court finds that the Trustee could withdraw the NDR and has not in fact abandoned all estate property. This Memorandum Opinion constitutes the Court's findings of fact and conclusions of law as may be required by Bankruptcy Rule 7052.

**DISCUSSION**

Abandonment of estate property is governed by 11 U.S.C. § 554, which provides:

> Abandonment of property of the estate
> (a) After notice and a hearing[3], the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
> (b) On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

---

[3]"[A]fter notice and a hearing", or a similar phrase--
(A) means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but
(B) authorizes an act without an actual hearing if such notice is given properly and if--
(i) such a hearing is not requested timely by a party in interest; or
(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act.
11 U.S.C. § 102(1).

Case 04-17704-nlj7    Doc 838    Filed 04/15/09    Entered 04/15/09 09:21:09    Page 2 of 8

> (c) Unless the court orders otherwise, any property
> scheduled under section 521(1) of this title not
> otherwise administered at the time of the closing of a
> case is abandoned to the debtor and administered for
> purposes of section 350 of this title.
> (d) Unless the court orders otherwise, property of the
> estate that is not abandoned under this section and
> that is not administered in the case remains property
> of the estate.

Section 544 is implemented through Bankruptcy Rule 6007, which provides:

> (a) Notice of proposed abandonment or disposition;
> objections; hearing.
> Unless otherwise directed by the court, the trustee or
> debtor in possession shall give notice of a proposed
> abandonment or disposition of property to the United
> States trustee, all creditors, indenture trustees, and
> committees elected pursuant to § 705 or appointed
> pursuant to § 1102 of the Code.  A party in interest
> may file and serve an objection within 15 days of the
> mailing of the notice, or within the time fixed by the
> court.  If a timely objection is made, the court shall
> set a hearing on notice to the United States trustee
> and to other entities as the court may direct.
> (b) Motion by party in interest
> A party in interest may file and serve a motion
> requiring the trustee or debtor in possession to
> abandon property of the estate.

The Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "341 notice"), doc 728, contains the following paragraph:

> Unless a request for notice is filed and served upon
> the trustee by a party in interest within 15 days after
> the date of mailing of this notice, the trustee may
> abandon any property deemed burdensome or of
> inconsequential value to the estate without further
> notice.

The 341 notice was mailed on March 20, 2008, and no parties requested notice of abandonment within 15 days of that date.

However, there were numerous previous requests for notice. See docs 398, 376, 329, 230, 144, 64, 37, 27, 20, 19, 10, 8, 4, and 3. There was also a later request for notice. Doc 829.

Under 11 U.S.C. § 554, there are three methods by which the property in a debtor's estate can be abandoned. See, e.g., Miller v. Pacific Shore Funding, 287 B.R. 47, 51 (D. Md. 2002). First, after notice and hearing, the estate may abandon any property that is "burdensome" to the estate or is of little value. Id. § 554(a). Second, on motion by a party, the court may order the abandonment of certain properties. Id. § 554(b). Third, once a bankruptcy case is closed, any assets that have been properly scheduled, but not otherwise administered, are abandoned by operation of law. Id. § 554(c).

In this case there was no abandonment under § 554(a). The Trustee did not send out a notice of proposed abandonment to those parties requesting notice. Without effective notice under § 554(a) there can be no abandonment. Morlan v. Universal Guaranty Life Insurance Co., 298 F.3d 609, 618 (7th Cir. 2002) (Attempted abandonment by trustee failed when trustee did not comply with the statute. "The requirements are exacting."); Sierra Switchboard Co. v. Westinghouse Electric Corp., 789 F.2d 705, 709 (9th Cir. 1986) (Even if Trustee intends to abandon, it is ineffective without notice to creditors.); Jones v. Cendant Mortgage Corp. (In re Jones), 396 B.R. 638, 647 (Bankr. W.D. Pa.

2008)("De facto abandonment cannot occur in bankruptcy.") (Citation omitted.); Cemco, Inc. v. Howard Nat'l Corp. (In re Howard Nat'l Corp.), 70 B.R. 278, 282 (N.D. Ill. 1987)(Bankruptcy Rule 6007 requires reasonable notice to be given to all creditors.); First Carolina Financial Corp. v. Trustee of Estate of Caron (In re Caron), 50 B.R. 27, 29 (Bankr. N.D. Ga. 1984) (Consent of debtor, creditor and trustee does not obviate need for notice.)

In this case there was also no abandonment under § 554(b). The Court has not made findings that any property was burdensome to the estate or of inconsequential value and benefit to the estate, and has entered no orders abandoning property. See Vu v. Kendall (In re Vu), 245 B.R. 644, 647 (9th Cir. BAP 2000). The case has not been closed, so § 554(c) is inapplicable.

The Entities argue that the Trustee abandoned property when he filed the NDR. While the filing an NDR may show an intention to abandon property, the NDR in and of itself does not result in abandonment unless the court closes the case. Schwaber v. Reed (In re Reed), 940 F.2d 1317, 1331 (9th Cir. 1991); In re Beaton, 211 B.R. 755, 758 (Bankr. N.D. Ala. 1997)("The statute does not mention a trustee's final report or otherwise authorize a trustee to abandon property solely by filing any document with the bankruptcy court which is not accompanied by notice and a hearing.") Furthermore, the NDR was not noticed out to all

creditors or even to those creditors that requested notice in the case.

The Entities also argue that the Trustee stated his intentions to abandon all assets and acted consistently with this intention. The former Bankruptcy Act was silent about a trustee's right to abandon and cases held that a clear manifestation of intent would suffice to abandon property. 5 Lawrence P. King, Collier on Bankruptcy, ¶554.LH[1] at 554-16 (15th ed. Rev.); In re Newkirk Mining Co., 238 F. Supp. 1, 4 (D. Pa. 1964)(decided under former law.) In contrast, Bankruptcy Code section 554 contains strict statutory requirements that replace the "difficult or nebulous factual determinations" regarding a Trustee's intention that were relevant under the Bankruptcy Act[4]. Under § 554, the Trustee's intent is not

---

[4] The concept of abandonment began as judge-made law formulated decades prior to enactment of the Bankruptcy Code. There was no provision of the Bankruptcy Act which defined or governed abandonment. Under the Act, abandonment was born from the equitable concept of estoppel and the determination of whether property had been abandoned centered around the conduct, words or inaction of the trustee. 2 James M. Henderson, Remington on Bankruptcy §§ 1142-1148 (1956). The preferred practice of abandonment, under the case law as it ultimately developed, was for the trustee to notify creditors and obtain an order endorsing the proposed abandonment from the bankruptcy referee. "To obviate subsequent criticism, it is advisable to notify the creditors before definitely abandoning any asset which might possibly have substantial value. There is no rule or statutory requirement to this effect, but certain practical aspects will be recognized by anyone
(continued...)

Case 04-17704-nlj7    Doc 838    Filed 04/15/09    Entered 04/15/09 09:21:09    Page 6 of 8

relevant to the issue of whether there was adequate notice of a proposed abandonment. See Sierra Switchboard, 789 F.2d at 709 and n. 4.

The Entities also argue that having abandoned the property, the Trustee cannot now un-abandon it. This is the law generally. See, e.g., Huntington Nat'l Bank v. Hunter (In re Hunter), 76 B.R. 117, 118 (Bankr. S.D. Ohio 1987). This assumes, however,

---

[4](...continued)
familiar with this field of enterprise." Id. at § 1144 p. 625. In 1973, however, the preferred practice was formally recognized by adoption of former Bankruptcy Rule 608 which governed procedure under the Act and provided:
> The court may, on application or its own initiative and after hearing on such notice as it may direct, approve the abandonment of any property and, without reopening the case, may direct the abandonment of any property of inconsequential value discovered after a case is closed. If a case is closed without administration of property of the estate that has been scheduled, the property shall be deemed to have been abandoned with the approval of the court, and on request the court may, without reopening the case, enter an order approving the abandonment.

Rules Bankr.Proc. Rule 608, 11 U.S.C. (1982 ed.)
Congress, in enacting the present section 554, further refined the law of abandonment, and eliminated needless litigation by making notice to creditors or closing of the case mandatory for effective abandonment of scheduled property. Strict statutory requirements were substituted for the old "common law" standard which hinged on often difficult or nebulous factual determinations regarding the intent of the trustee.

In re Beaton, 211 B.R. at 758 n. 5.

that there was an abandonment in the first place. Above, the Court found that there was no abandonment. Therefore, the withdrawal of the NDR is not an attempted un-abandonment.

The Court will enter an Order approving the withdrawal of the NDR. The Entities request for a declaration that all assets of the estate have been abandoned will be denied.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Date filed on docket: April 15, 2009

Copies to:

Daniel J Behles
Attorney for Debtors
Cuddy & McCarthy, LLP
7770 Jefferson NE, Suite 305
Albuquerque, NM 87109

William J. Waggoner
Attorney for Entities
529 W San Francisco
Santa Fe, NM 87501

Philip J. Montoya
Trustee
PO Box 159
Albuquerque, NM 87103

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608