# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:
Daniel William Cook
and Yolanda T. Cook,
     Debtors.

No. 7 - 04-17704 - NLJ

## MEMORANDUM AFTER HEARING ON MOTION CONTESTING ADDITIONAL PAYMENT OF ADMIN FEES WITHOUT OBTAINING SERVICES FOR PRIOR FEES PAID: RULE 9024 MOTION

     This matter came before the Court for a preliminary hearing on Debtor Daniel William Cook's Motion Contesting Additional Payment of Admin Fees Due Without Obtaining Services for Prior Fees Paid: Rule 9024 Motion (doc 967) and Errata, Corrections, Clarifications and Authority (doc 968)(Collectively, "Motion"). Mr. Cook is self-represented. Wells Fargo Bank filed a Response through its attorney the Sutin Law Firm (Michelle Ostrye and Traci Olivas)(doc 969). This Response was substantially an objection to the motion on procedural grounds and for failure to seek concurrence before it was filed as required by the New Mexico Local Bankruptcy Rules. Mr. Cook then filed a joinder in his own Motion as the "successor in transferred interests to all right and title of those interests of CBM Group, Inc. a Nevada corporation." (Doc 980). Two other creditors filed Joinders in the Motion: William Brennan and Garrett Quintana (docs 983 and 984). Wells Fargo Bank filed an Amended Response with supporting exhibits setting forth legal arguments against the Motion. (Doc 982). Creditors Pamela Jane Garrett and Scott Garrett filed a response through their attorney Hunt & Davis, PC (Chris Pierce and Julie Vargas)(doc 982). The Garretts took no position on Mr. Cook's Motion in respect to the administrative fees, but objected to the extent the Motion sought any other relief. Mr. Cook filed a reply. (Doc 986). And, finally, Wells Fargo Bank filed responses to the other creditors'

Joinders and Mr. Cook's self-Joinder (docs 987, 988 and 990). The Court has reviewed the pleadings and considered the arguments presented by the parties at the preliminary hearing, and considered other relevant filings in this case and rulings by Judge Starzynski and by the Bankruptcy Appellate Panel and finds that the Motion is not well taken and should be denied. This is a core proceeding concerning administration of the estate. 28 U.S.C. § 157(b)(2)(A). This memorandum serves as the Court's findings of fact and conclusions of law as required by Fed.R.Bankr.P. 9014(b) and 7052.

The Motion purportedly seeks to contest paying the required fee for filing a Motion to Withdraw Reference. When directly questioned by the Court Mr. Cook admitted that he had filed a Motion to Withdraw the Reference. See also Cook v. Eastern Savings Bank, FSB (In re Cook), Adv. No. 04-1246-S, Motion for Withdrawal of Reference (doc 70)(Bankr. D. N.M. August 13, 2009 ).

Fees in bankruptcy cases are established by 28 U.S.C. § 1930. Subsection (a) states the filing fees for bankruptcy cases under the different chapters, authorizes quarterly U.S. Trustee fees and fixes their amounts, authorizes payment of the filing fee in installments, and imposes certain fees upon conversion from one chapter to another. Subsection (b) authorizes the Judicial Conference of the United States to prescribe additional fees in bankruptcy cases the same as for fees authorized under section 1914(b) (which authorizes filing fees in district court cases). Subsection (c) authorizes a fee for appeals. Subsection (d) authorizes a court to order the payment of costs when a case or proceeding is dismissed for lack of jurisdiction. Subsection (e) allows the clerk to collect only the fees authorized by this section 1930. Subsection (f) was

added in 2005 by the Bankruptcy Abuse Prevention and Consumer Protection Act, P.L. 109-8, § 418(2). Subsection (f) provides:

> (1) Under the procedures prescribed by the Judicial Conference of the United States, the district court or the bankruptcy court may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line (as defined by the Office of Management and Budget, and revised annually in accordance with section 673(2) of the Omnibus Budget Reconciliation Act of 1981) applicable to a family of the size involved and is unable to pay that fee in installments. For purposes of this paragraph, the term "filing fee" means the filing fee required by subsection (a), or any other fee prescribed by the Judicial Conference under subsections (b) and (c) that is payable to the clerk upon the commencement of a case under chapter 7.
> (2) The district court or the bankruptcy court may waive for such debtors other fees prescribed under subsections (b) and (c).
> (3) This subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors.

Attached to the end of 28 U.S.C. § 1930 is the Judicial Conference Schedule of Fees, which establishes fees applicable in the Bankruptcy Court. The Schedule is amended yearly. Item 19, for the year 2009, mandated a fee of $150 for a motion "to withdraw the reference of a case or proceeding under 28 U.S.C. § 157(d)."

Mr. Cook filed his bankruptcy case in 2004, before subsection (f) was effective. Therefore, at the time of the filing of the Chapter 11, no provision in the United States Code authorized a waiver of any bankruptcy fees. See United States v. Kras, 409 U.S. 434, 440 (1973) (There is no common law right to proceed in bankruptcy without payment of fees. Congress could, however, legislatively change the status quo.)

At the time Mr. Cook filed the Motion to Withdraw Reference, subsection (f) was effective. Subsection (f)(1) is only applicable to filing fees in Chapter 7 cases where the

Page -3-

debtor's income is at or below 150% of the poverty level. Mr. Cook filed Chapter 11, making subsection (f)(1) inapplicable. Subsection (f)(2) allows a bankruptcy court to waive other bankruptcy fees for "such debtors." As a chapter 11 filer, Mr. Cook was not one of those "such debtors." See Allen v. Western Sierra Bank (In re Allen), 2009 WL 1187957, at *2 (Bankr. D. Idaho 2009):

> The use here [28 U.S.C. § 1930(f)(2)] of the term "such debtors" necessarily refers to those debtors identified in subsection (f)(1), i.e., those chapter 7 individual debtors who have been granted a filing fee waiver under subsection (f)(1). Thus, the grant of subsection (f)(2), and the ability thereunder to seek waiver of "other fees" prescribed under subsection (b) and (c), is limited to the chapter 7 debtor who receives a § 1930(f)(1) filing fee waiver.

Subsection (f)(3) authorizes the bankruptcy court to waive other bankruptcy fees "in accordance with Judicial Conference policy." The Schedule of Fees, Item 19, states the Judicial Conference policy for waiver of item 19 fees:

> This fee must not be collected in the following situations:
> • For a motion for relief from the co-debtor stay;
> • For a stipulation for court approval of an agreement for relief from a stay; or
> • For a motion filed by a child support creditor or its representative, if the form required by § 304(g) of the Bankruptcy Reform Act of 1994 is filed.

Mr. Cook does not satisfy any of those conditions. Therefore, the fee may not be waived.

The Court also finds that Mr. Cook's argument that he lacked standing to incur the fee is not well taken. Whether he had standing to file the Motion to Withdraw Reference is not relevant. The statute does not specify that the fee is not due if it turns out that the movant lacks standing, nor do any waiver provisions of item 19 fees refer to standing. The fee was incurred at the time the motion was filed. The fee is due. The Motion will be denied.

Although Mr. Cook's motion is styled as one to avoid payment of a $150 fee, it expansively seeks 1) to undo previous orders of the Bankruptcy Court and Bankruptcy Appellate Panel, 2) declare that Mr. Cook has standing to do things he has repeatedly been told that he lacks standing to do, and 3) asks for rulings that would allow him to withdraw appeals by making them moot. All of these requests are either currently under appeal, have already been appealed and decided against Mr. Cook, or are too old to be appealed.

As to the matters currently on appeal, this Court lacks jurisdiction to determine them.

> It is well established that the filing of a notice of appeal is an event of jurisdictional significance in which a lower court loses jurisdiction over the subject matter involved in the appeal. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982); Needham Street Inv. Trust v. FBI Distrib. Corp. ( In re FBI Distrib. Corp.), 267 B.R. 655, 656 (1st Cir. BAP 2001) (citing Aetna Casualty and Surety Co. v. Markarian ( In re Markarian ), 228 B.R. 34, 47 (1st Cir. BAP 1998)). The purpose of the general rule is to avoid the confusion of placing the same matter before two courts at the same time and preserve the integrity of the appeal process. See In re Strawberry Square Assoc., 152 B.R. 699, 701 (Bankr. E.D. N.Y. 1993); Urban Dev. Ltd., Inc. v. Hernando New York Assoc. ( In re Urban Dev. Ltd., Inc.), 42 B.R. 741, 744 (Bankr. M.D. Fla. 1984).

Whispering Pines Estates, Inc. v. Flash Island, Inc. (In re Whispering Pines Estates, Inc.), 369 B.R. 752, 757 (1st Cir. B.A.P. 2007). See also Bank of the Prairie v. Picht (In re Picht), 403 B.R. 707, 711 (10th Cir. B.A.P. 2009):

> As stated by the United States Supreme Court, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). This same principle applies in the context of a bankruptcy court's order appealed to a bankruptcy appellate panel.

(Citation in footnote inserted into text.)

Case 04-17704-nlj7    Doc 992    Filed 02/22/13    Entered 02/22/13 14:24:04    Page 5 of 8

Mr. Cook's reliance on Federal Rule of Appellate Procedure 12.1[1] lacks merit. Rule 12.1(a) provides for a notice to be filed in the Court of Appeals when the <u>district court</u> states that it would grant a motion over which it lacks jurisdiction, or finds that the motion raises a substantial issue. This rule corresponds to Federal Rule of Civil Procedure 62.1, which recognizes that a <u>district court</u> cannot grant relief under a rule such as Rule 60(b) while an appeal is pending. <u>See</u> Advisory Committee Notes to Federal Rule of Appellate Procedure 12.1, 2009 Adoption. Rule 62.1 recognizes, however, that the district court can consider a rule 60(b) motion and deny it, state that it would grant it on remand, or state that it raises a substantial issue. <u>Id.</u> However, neither Federal Rule of Appellate Procedure 12.1 or Federal Rule of Civil Procedure 62.1 were incorporated in the Federal Rules of Bankruptcy Procedure, which govern all procedure in cases under title 11. <u>Compare</u> Fed.R.Bankr.P. 7062 ("Rule 62, F.R.Civ.P. applies in adversary proceedings.")

As to the appealed matters already decided against Mr. Cook, it is obvious that the bankruptcy court is powerless to overturn a bankruptcy appellate panel's or a circuit court of appeals' rulings. Furthermore, relitigation is prohibited by both <u>res judicata</u> and collateral estoppel.

As to matters too old to be appealed, those matters are now the "law of the case."

> The law of the case doctrine is a restriction self-imposed by the courts in the interests of judicial efficiency. <u>Messinger v. Anderson</u>, 225 U.S. 436, 444, 32 S.Ct. 739, 740, 56 L.Ed. 1152 (1912); <u>Bromley v. Crisp</u>, 561 F.2d 1351, 1363 (10th Cir. 1977), <u>cert. denied</u>, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 499 (1978). It is a rule based on sound public policy that litigation should come to an end, <u>Todd Shipyards v. Auto Transport, S.A.</u>, 763 F.2d 745 (5th Cir.1985), and is designed to bring about a quick resolution of disputes by preventing continued

---

[1] <u>See</u> Motion, doc 967, p. 2 and Motion exhibit 4 (located at doc 967-2, p.12).

re-argument of issues already decided. <u>Major v. Benton</u>, 647 F.2d 110, 112 (10th Cir. 1981).

<u>Gage v. General Motors Corp.</u>, 706 F.2d 345, 349 (10th Cir. 1996). The failure to file a timely appeal is deemed to be a waiver of the right to challenge the decision at a later time. <u>Clark v. State Farm Mut. Auto Ins. Co.</u>, 590 F.3d 1134, 1140 (10th Cir. 2009).

Mr. Cook's allegations of criminal mischief are beyond this Court's jurisdiction. Mr. Cook is free to report his allegations to the United States Trustee or to the United States Attorney.

Mr. Cook's request for an evidentiary hearing should also be denied. There is no set of facts that he could present that would confer jurisdiction on this Court or authorize the relief requested. Furthermore, the Motion is not plausible and requires no further consideration.

## CONCLUSION

For the reasons stated, the Court finds that Cook's Motion Contesting Payment of the $150 administrative fee is meritless. To the extent that Cook's Motion seeks other relief the Court either lacks jurisdiction to grant it or finds that the requests are untimely and should be denied. The Court will enter a separate Order denying the Motion.

Honorable Niles L. Jackson
United States Bankruptcy Judge   2/22/13

Date entered on docket:   February 22, 2013

Case 04-17704-nlj7    Doc 992    Filed 02/22/13    Entered 02/22/13 14:24:04    Page 7 of 8

Copies to:

Daniel William Cook
920 Galeras Street NW
Albuquerque, NM 87120

Julie J Vargas
2632 Mesilla Street NE
Albuquerque, NM 87110

Jon W Daly/ Joseph Rivera
600 Travis St Ste 4200
Houston, TX 77002-2929

Michelle Ostrye
PO Box 1945
Albuquerque, NM 87103-1945

Chris W Pierce
Hunt & Davis, P.C.
2632 Mesilla St. NE
Albuquerque, NM 87110

William T. Brennan
P.O. Box 5329
Bernalillo, NM 87004

Garrett Quintana
P.O. Box 667
Santa Fe, NM 87504