UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:
Daniel William Cook
and Yolanda T. Cook,
    Debtors.

No. 7 - 04-17704 - NLJ

## MEMORANDUM OPINION ON DEBTOR'S RULE 9023 MOTION

This matter is before the Court on Daniel Cook (Debtor's) 9023 Motion to Alter or Amend "Order Denying Motion Contesting Additional Payment ..." ("9023 Motion"). Doc 997, filed March 8, 2013. Responses were filed by Wells Fargo Bank (doc 998) and the Garretts (doc 999). Joinders were filed to the 9023 Motion by William T. Brennan (doc 1002) and Garrett Quintana (doc 1004). Wells Fargo Bank filed a response to Brennan's and Quintana's joinders (doc 1005). This is a core proceeding concerning administration of the estate. 28 U.S.C. § 157(b)(2)(A). This Memorandum Opinion serves as the Court's findings of fact and conclusions of law as required by Fed.R.Bankr.P. 9014(b) and 7052. For the reasons set forth below, the 9023 Motion will be denied.

## MOTIONS UNDER BANKRUPTCY RULE 9023

Fed.R.Bankr.P. 9023 deals with new trials and amendments of judgments. It provides:

> Except as provided in this rule ..., Rule 59 F.R.Civ.P. applies in cases under the Code. A motion for a new trial or to alter or amend a judgment shall be filed, and a court may on its own order a new trial, no later than 14 days after entry of judgment.

Fed.R.Civ.P. 59, in turn, provides in relevant part:

> **(a) In General.**
> **(1) Grounds for New Trial.** The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
> ...

**(B)** after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.
**(2) Further Action After a Nonjury Trial.** After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

An analysis of the foregoing rules shows that the specific reasons for Rule 9023 or 59 relief are not specified in the rules. Rather, they are based upon case law. In 2000 the Tenth Circuit concisely set out the guidelines for relief:

> [A] motion to reconsider filed within ten days after entry of judgment is considered a Fed.R.Civ.P. 59(e) motion. *See Van Skiver* [*v. United States*,], 952 F.2d [1241] at 1243 (10th Cir. 1991). Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995). Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. Cf. Fed.R.App.P. 40(a)(2) (grounds for rehearing). It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

*The Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2003). More recent cases adhere to the lessons of *Servants of the Paraclete*, but have emphasized that when the motion is based on newly discovered evidence the movant must show (1) that the evidence is newly discovered, or (2) if the evidence was available at the time of the ruling, that counsel made a diligent yet unsuccessful attempt to discover the evidence. *Monge v. RG Petro-Machinery (Group) Co. Ltd.*, 701 F.3d 598, 611 (10th Cir. 2012)(Citing *Webber v. Mefford*, 43 F.3d 1340 (10th Cir. 1994).) And, the movant must demonstrate how the newly discovered evidence would have resulted in a different result. *Devon Energy Production Co. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1214 (10th Cir. 2012).

## COOK'S 9023 MOTION

Cook's 9023 Motion eventually sets out its grounds starting at the bottom of page 11 and continuing to page 13:

> This Motion is brought pursuant to 2, new evidence, and 3, the need to correct clear error or prevent manifest injustice. The new evidence to adjudicate causes arising in a Title 11 not previously available, is in the decision of the Tenth Circuit, Case No. 12-2100 (Exhibit 1). [sic - Exhibit 1 is an Order and Judgment entered by the Tenth Circuit Court of Appeals in Case No. 12-2023.] The need to correct clear error and or prevent manifest injustice is argued to correct the denial of Constitutional rights, a decision entered that is not supported by facts, the denial of meaningful hearing participation, the wrong standard used, and with this Court itself concluding without jurisdiction there should be an administration of fees on the merits which can only be accomplished in a reopened case, thus a setting aside of the Order (Doc 950). ... There is absolutely no analysis of any material facts upon which this Court's judgment is based and their application to governing law for Grounds 2-10 as summed above and specifically supported in the 9024 Motion. This Court also failed to apply the argued applicable legal standard provided this Court by the Tenth Circuit in consideration of Debtor's 9024 Motion as specifically argued by Debtor in his 9024 Motion (Doc 967 at 3, fn 2), e.g., see Calva Products. Inc. v. Beal, Bridgeforth & Beal, 70 F.3d 1282 (10th Cir. 1995) ("*the court was free to consider the [Rule 60(b)] motion, and the court could then either deny it on the merits, or the court could have notified us of its intention to grant the motion upon proper remand.*" The Court indicated in its Memorandum it made "findings of fact"-findings of what facts-with regard to Grounds 2-10 argued and supported? This Court has failed to apply the correct review standard, has failed to address the material facts alleged and applicable law, and find on the disputed material facts as argued by the Bank and Garrett. How does one weigh those disputed material facts in "findings" without allowing the parties to put on their case as Debtor requested in support in an evidentiary hearing? The "facts" are determinative of what law should be applied by this Court, notwithstanding the preemption of the legal standard that abused well established law in denying a reopening with prejudice, not addressed by this Court as controlling law for setting aside the denial of a future case reopening. Additionally, case law provides that fees may be waived, and no opportunity was provided by this Court to Cook in a reopened case to present facts supporting a possible waiver. The Court cited a fee waiver standard for <u>filing</u> a petition) which is not the applicable standard for fees established for matters arising in a bankruptcy as the fees billed to Cook allege, and if so, Cook believes he may meet the criteria in an open case

if Cook had been allowed to present evidence for possible waiver and or at least provide sufficient factual support for establishment of a payment plan.

**DISCUSSION**

As an initial matter, a Motion for Reconsideration (either under Rule 59 or 60) is a "contested matter." Bankruptcy Rule 9014 (a) governs contested matters:

> In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court directs otherwise.

Bankruptcy Rule 9013 governs Motions, their form and service:

> A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.

Neither Bankruptcy Rules 9023 or 9024 specify who should be served with motions under those rules. And, Cook's earlier 9024 Motion (docs 967, 968) did not seek relief against anyone; it purported only to object to the Clerk's Notice of Fees Due. Actually, however, the fee issue was only 1 of 10 different reliefs requested in the Motion. The other 9 sought broad rulings that would reverse prior bankruptcy, BAP and 10th Circuit orders. When Cook filed the 9024 Motion, the Court, *sua sponte*, entered an Order (doc 972) in response stating that pursuant to Rule 9014(a) no responses were required. The Order further stated that parties should not respond to Cook's issue 1 regarding fees, but that any party could file a response to the requests relating to modifying other previously entered orders. The order also set a preliminary hearing

Page -4-

on the 9024 Motion. Cook appeared at the hearing with two "creditors" that purported to join in his motion. All had the opportunity to present their arguments. Attorneys for the Garretts and Wells Fargo also appeared and participated. After the hearing, the Court entered a Memorandum Opinion and Order denying the 9024 Motion. Docs 992, 993.

Cook has now filed this Motion under Bankruptcy Rule 9023 to amend the Order denying his Rule 9024 Motion . The relief he requests is stated on page 1: (1) set aside the Order denying his Rule 9024 Motion; (2) allow an evidentiary hearing and indicate that this Court would set aside Judge Starzynski's November 6, 2012 Order which denied with prejudice his Motion to set aside the closing of the case (doc 950); (3) indicate that this Court would reopen the case if it had jurisdiction; and (4) draft an amended memorandum opinion that "specifically addresses with clarity the factual contentions and relevant law supporting a 9024 Motion" and "addresses with clarity the legal and factual basis for this Court's denial of the 10 grounds alleged in the 9024 Motion." The Court did not solicit responses to this Motion, although responses and joinders were filed. And, as discussed below, there is no necessity for the Court to conduct a hearing.

## COOK'S BASIC ASSUMPTIONS AND PREMISES ARE INCORRECT

First, Cook repeatedly asserts that his case was closed with prejudice and that somehow there was a "denial of future reopening with prejudice" (doc 997, p.5). Cook received his discharge and the Trustee filed his final report. Pursuant to Fed.R.Bankr.P. 5009(a), 30 days later the case was presumptively fully administered. The Clerk's office then, quite correctly, administratively closed the case. Cook filed a motion to (1) set aside the case closing, (2) reinstate the automatic stay and (3) retain jurisdiction over matters that he might have pursued when the case was open but did not. Doc 941. Judge Starzynski entered a 50 page

Memorandum Opinion (doc 949) that addressed all of the reasons his motion was not well taken and denied the *motion* with prejudice. Doc 950. Nowhere in the Memorandum Opinion or Order does it state that the case was closed with prejudice or that future reopenings would be denied with prejudice. It is quite apparent from the dockets that Judge Starzynski denied the Motion with prejudice because throughout this bankruptcy case and its associated adversary proceedings Cook files endless strings of motions to reconsider everything, endlessly repeating the same arguments over and over, combining irrelevant facts with new, unsupported legal theories, and even seeks reconsiderations of orders denying reconsideration, of which this Motion is an example. In contrast to Cook's patently incorrect premise, pages 10-11 of the Memorandum (doc 949) state:

> Mr. Cook's arguments that there are now unadministered assets and that he cannot now void "possible" liens to preserve his fresh start lack merit. The easy issue to dispose of is his fresh start argument. This case was open for eight years. If Mr. Cook had a lien to avoid, he had ample time in which to do it. If he failed to do it, the solution is easy. He can file a motion to reopen the case to avoid a lien, pay the filing fee, and avoid the lien. Closing of the case has nothing to do with his ability to reopen the case or to avoid a lien.

This Court cannot fathom how Cook interprets this as denying future reopenings.

Second, Cook asserts, without any legal citation or authority, that his case must be reopened to collect unpaid fees he owes to the Bankruptcy Court. He asserts that the Court has no personal jurisdiction over him to claim that fees are due. There is no rule that a creditor must have jurisdiction over a person that owes it a debt to collect it. *See In re Nzeribe*, 2008 WL 7842068, at *2 (Bankr. N.D. Ga. 2008):

> Debtor's Motion for Clarification of Record seeks an explanation regarding a filing fee deficiency notice that was issued by the clerk's office on December 26, 2007, and mailed to Debtor on or about December 28, 2007. The

Page -6-

> notice references Debtor's "Emergency Motion to reopen and vacate dismissal" and states that a $235.00 filing fee remains unpaid. Pursuant to the Bankruptcy Court Miscellaneous Fee Schedule (The Bankruptcy Court Miscellaneous Fee Schedule is prescribed by the Judicial Conference of the United States and authorized by 28 U.S.C.1930(b)), a motion to reopen a bankruptcy case carries with it a fee in an amount equal to the filing fee associated with the filing of a new case under the same chapter (28 U.S.C. § 1930(a)(1)(B) provides that the fee for filing a Chapter 13 case is $235.00. Though the total fee due upon filing a Chapter 13 petition is $274.00, $39.00 of that is an administrative fee and is not charged upon the reopening of a case.) Part J(1)(a)(1) of the Bankruptcy Fee Compendium (The Bankruptcy Fee Compendium, issued by the Judicial Conference of the United States, provides guidance to bankruptcy clerks regarding the collection of fees prescribed by the Conference.) specifies that the fee is related to the motion to reopen the case-not the actual reopening of the case-and is due regardless of whether the court grants or denies the motion. A $235 .00 filing fee became due upon the filing of Debtor's Emergency Motion and remains due though the motion was denied.

(Court declares fee due in closed case.) *See also* Bankruptcy Fee Compendium at 24 (November 21, 2012 ed.)(available at http://www.nmb.uscourts.gov/filing-fees , follow link to "Bankruptcy Fee Compendium."):

> **Dismissals.** If the court dismisses a case before the due date of the last installment payment, the debtor still must pay in full the fees due upon filing. If the court dismisses a case before the debtor pays all fees due upon filing, the court may include a statement that fees are owing in its order of dismissal. The order also may include a statement that the court will decline to entertain a motion to reconsider the dismissal unless the debtor pays the balance of all fees due when the motion is made. The order allowing payment of the fees in installments, and a statement from the clerk of court addressing the status of payments would support the court's finding that fees are due.

"The debtor remain[s] liable for filing and other fees after dismissal." *Id.* n. 132. "The clerk must refer debts outstanding beyond 180 days to the Treasury Department for collection under the Treasury Offset program." *Id.* at 26.

Although Cook does not state his understanding of the system outright, he seems to believe that the outstanding fee would be part of his bankruptcy estate and that therefore the

Page -7-

bankruptcy would need to be open to collect it and the case would need a trustee to administer it. In fact, filing and other fees are not part of a debtor's estate. The Clerk of the Court deposits the fees into specific United States Treasury accounts and they are not available for administrative fees or creditors. *Id.* at 26-29 (listing percentages of Chapter 7 filing fees to be deposited into each different fund.)

Cook's third assumption was that this Court's Memorandum Opinion and Order addressed the merits of his issues two through ten. The Memorandum Opinion (doc 992) at page 5 stated "As to the matters currently on appeal, this Court lacks jurisdiction to determine them." The Court noted Cook's reliance on Federal Rule of Appellate Procedure 12.1, but also noted that that rule is not part of the Federal Rules of Bankruptcy Procedure and was not relevant.[1] The Memorandum Opinion also stated "[a]s to the appealed matters already decided against Mr. Cook, it is obvious that the bankruptcy court is powerless to overturn a bankruptcy appellate panel's or a circuit court of appeals' rulings" and "[a]s to matters too old to be appealed, those matters are now 'law of the case.'" *Id.* at 6. And, the Memorandum Opinion concluded:

> For the reasons stated, the Court finds that Cook's Motion Contesting Payment of the $150 administrative fee is meritless. To the extent that Cook's Motion seeks other relief the Court either lacks jurisdiction to grant it or finds that the requests are untimely and should be denied. The Court will enter a separate Order denying the Motion.

In sum, it is quite clear that the Court stated it lacked jurisdiction to grant relief on issues two through ten. And, the Order only denied the "Motion Contesting Additional Payment..."

---

[1] In an Order and Judgment issued by the Tenth Circuit Court of Appeals on April 2, 2013 (after the filing of Cook's 9023 Motion) the Court agreed and ruled that "Rule 12.1 pertains to motions filed in the **District Court**." Case No. 12-2100, Order and Judgment, April 2, 2013, p. 14. (Emphasis added.) "Regardless, the bankruptcy court denied Cook's motion, noting that it lacks jurisdiction to address such matters on appeal." *Id.*

Page -8-

## OTHER MATTERS

Cook's "new evidence" is that the Court of Appeals remanded his civil rights suit to the District Court to have it dismissed without prejudice, instead of with prejudice as ordered by the District Court[2]. This "new evidence" is totally irrelevant to whether he is liable for the fees for filing a motion for withdrawal of the reference in a different case. Furthermore, Cook repeatedly has described this civil rights suit as seeking a recovery for a post-petition violation of his rights. Having arisen post-petition, any recovery would not be property of his chapter 7 bankruptcy estate. *Osherow v. Wells Fargo Home Mortgage, Inc. (In re Rhinesmith)*, 450 B.R. 630, 632 (Bankr. W.D. Tex. 2011):

> The conduct giving rise to the Debtors' cause of action occurred post-petition. "Unlike pre-petition claims, claims which accrue to the debtor post-petition generally will not adhere to the estate, and remain actionable by the debtor." *Stanley v. Comm. Bank, N.A.*, 2009 WL 261333, at *2, 2009 U.S. Dist. LEXIS 8022, at *6-7 (N.D. N.Y. Feb. 4, 2009); *see also Bell v. Bell (In re Bell)*, 225 F.3d 203, 215 (2d Cir. 2000) (stating that "property of the estate is distinct from the property of the debtor. Property acquired by the estate after the commencement of the case, *see* 11 U.S.C. § 541(a)(7) ..., is property of the estate. But property acquired post-petition by the debtor does not enter the estate; it remains the separate property of the debtor").

---

[2]The Tenth Circuit's decision was based on the fact that Cook lacked standing, which destroyed the Court's jurisdiction. Order & Judgment, p. 22, Case 12-2023 (10th Cir. March 7, 2013). If a court lacks jurisdiction, it should dismiss without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006)("A longstanding line of cases from this circuit holds that where the district court dismisses an action for lack of jurisdiction, as it did here, the dismissal must be without prejudice.")(Citations omitted.); *Sanderson v. Postal Life & Cas. Ins. Co.*, 2 F.R.D. 203, 204 (W.D. Mo. 1941) ("It would seem to me obvious that if the case is dismissed because the court has no jurisdiction, certainly it cannot be dismissed with prejudice, since that involves the exercise of jurisdiction.")

Case 04-17704-nlj7    Doc 1008    Filed 06/11/13    Entered 06/11/13 13:00:15    Page 9 of 11

This asset would have no impact on the administration of the estate, it is unavailable for creditors, and therefore the bankruptcy court would lack jurisdiction over any aspect of it. In other words, Cook could not pursue his civil rights claims in bankruptcy court.

Cook's only possible "manifest error" issue would be the Order that denied his contest of the outstanding $150 fee. The Court has reviewed its earlier Memorandum Opinion (doc 992) and it clearly states the correct law regarding fee waivers for motions to withdraw the reference; there simply are none applicable to Cook. *See* Memorandum Opinion, doc 992, p. 4:

> Subsection (f)(3) authorizes the bankruptcy court to waive other bankruptcy fees "in accordance with Judicial Conference policy." The Schedule of Fees, Item 19, states the Judicial Conference policy for waiver of item 19 fees:
> This fee must not be collected in the following situations:
> • For a motion for relief from the co-debtor stay;
> • For a stipulation for court approval of an agreement for relief from a stay; or
> • For a motion filed by a child support creditor or its representative, if the form required by § 304(g) of the Bankruptcy Reform Act of 1994 is filed.

Mr. Cook does not satisfy any of those conditions. And, there is no statutory authority to allow payment of the fee due for filing a Motion to Withdraw the Reference pursuant to some type of agreement between the Debtor and the Court. Therefore, the fee may not be waived, nor can Cook make a deal to pay it in installments. Therefore, it would be pointless for Mr. Cook to argue for a result that is not possible.

## AFTERWARD

Cook filed the 9023 Motion (doc 997) on March 8, 2013, before he received notice of the Tenth Circuit's Order and Judgment in No. 12-2023, filed March 7, 2013 (2013 WL 828814 (10th Cir. 2013)(Unpublished)), or the Tenth Circuit's Order and Judgment in No. 12-2100, filed April 2, 2013 (2013 WL 1297590 (10th Cir. 2013) (Unpublished)). Those two decisions dispose

of substantially all matters raised in Cook's 9023 Motion except for the issue of his owing $150 in court fees for his Motion to Withdraw the Reference, which is now finally resolved by this ruling denying reconsideration. The Court will enter an appropriate Order.

Hon. Niles L. Jackson
United States Bankruptcy Judge

Date entered on docket:

Copies to:

Daniel William Cook
920 Galeras Street NW
Albuquerque, NM 87120

Michelle K. Ostrye
PO Box 1945
Albuquerque, NM 87103

Catherine F. Davis
PO Box 94750
Albuquerque, NM 87199-4750

Philip J. Montoya
Trustee
PO Box 159
Albuquerque, NM 87103

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608

Chris W Pierce
PO Box 30088
Albuquerque, NM 87190-0088

Julie J Vargas
PO Box 30088
Albuquerque, NM 87190-0088

William T. Brennan
P.O. Box 5329
Bernalillo, NM 87004

Garrett Quintana
P.O. Box 667
Santa Fe, NM 87504